**Dennis James BANKS**

**v.**

**William JANKLOW, etc., et al.,**

**No. CIV 75–5038.**

United States District Court,
D. South Dakota.

June 14, 1975.

William J. Janklow, Atty. Gen., Pierre, S. D., Mark V. Meierhenry, Vermillion, S. D., Glen H. Johnson, Rapid City, S. D., for defendant.

John G. S. Flym, Daniel L. Jackson, Black Hills Legal Services, Rapid City, S. D., for plaintiff.

## MEMORANDUM OPINION

BOGUE, District Judge.

Petitioner Dennis James Banks has filed in this Court a Removal Petition under 28 U.S.C. § 1443(1) which provides for removal of state criminal proceedings to federal court in the event that state proceedings are "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens."

The Petitioner states that he "will be denied or cannot enforce in the Courts of South Dakota rights under 42 U.S.C. § 1981."

The United States Supreme Court has established that a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. *First,* it must appear that the right allegedly denied arises under federal law "providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel,* 384 U.S. 780, at 792, 86 S.Ct. 1783, at 1790, 16 L.Ed.2d 925. In the present case Petitioner Banks has met the first prong of the removal test. Petitioner alleges that he "will be denied or cannot enforce in the Courts of South Dakota rights under 42 U.S.C. § 1981." The United States Supreme Court has held in *City of Greenwood, Mississippi v. Peacock,* 384 U.S. 826, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), that 42 U.S.C. § 1981 does qualify under the statutory definition of "equal civil rights."

*Second,* it must appear, in accordance with the provisions of § 1443(1), that the removal Petitioner is "denied or cannot enforce" the specified federal rights "in the courts of the State." This provision normally requires that the "denial be manifest in a formal expression of state statutory law," *Georgia v. Rachel,* 384 U.S. at 803, 86 S.Ct. 1783, 1796, such as a state legislative or constitutional provision, "rather than a denial first made manifest at the trial of the case." *Georgia v. Rachel,* 384 U.S. at 799, 86 S.Ct. at 1794.

▮ Except in the *unusual* case where "an equivalent basis could be shown for an *equally firm prediction* that the defendant would be 'denied or cannot enforce' the specified federal rights in a state court, it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal. *Johnson v. Mississippi,* 421 U.S. at 219, 95 S.Ct. at 1595 (1975)." (citations omitted)(Emphasis added.)

Under § 1443(1),

"the vindication of the defendant's federal rights is left to the state courts except in the *rare situations* where it can be *clearly predicted* by reason of the operation of a pervasive and explicit state or federal law that those rights will *inevitably* be *denied*

by the very act of bringing the defendant to trial in the state court." *City of Greenwood v. Peacock,* 384 U. S. at 828, 86 S.Ct. at 1812. (Emphasis added.)

The test for removal which must be met by Petitioner before this Court has jurisdiction has been restated recently by the United States Supreme Court in *Johnson v. Mississippi,* 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). In *Johnson* the Court held that the removal Petitioner must be able to point to a federal law conferring on them the *right* to engage in the specific conduct with which they are charged in the state criminal proceeding, and the Petitioner must be able to state that the federal statute grants the Petitioner the right that no state should even attempt to prosecute him for his conduct. *Johnson v. Mississippi,* 421 U.S. at 222, 95 S.Ct. 1591. The Court in *Peacock* established that where the state criminal charge includes allegations of conduct clearly unprotected by federal law, removal is not available. The *Rachel-Peacock* test requires that the federal law invoked by the Petitioner must do more than merely provide a defense to conviction: it must *immunize* him from arrest and prosecution for the conduct in question.

 In this case Petitioner Banks does not meet the second prong of the removal test, and therefore this Court lacks jurisdiction to hear the removal petition. This ruling does not reach the merits of the removal petition but simply decides the threshold determination of whether the petition is adequate to invoke the jurisdiction of this Court. Petitioner Banks has not alleged "a formal expression of state law" or "a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case,' " as a state basis that Petitioner is " 'denied or cannot enforce' the specified federal rights 'in the courts of the State.' " 421 U.S. at 219, 95 S.Ct. at 1595. Additionally, Petitioner Banks has not alleged "an equivalent basis [that] could be shown

for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in a state court."

As a state basis, Petitioner Banks alleges that the trial judge ruled that voir dire would be conducted in a certain manner. Petitioner points to no South Dakota statute which requires voir dire in a criminal case in this manner or any other manner. In the opinion of this Court this ruling was "first made manifest in the trial of the case," 421 U.S. 219, 95 S.Ct. at 1595, and therefore does not provide an adequate state basis for removal.

Petitioner also alleges that the South Dakota Supreme Court, sitting by special arrangement and *ex parte,* upheld the trial judges ruling on jury selection procedure and denied petitioner's request for stay pending hearing on the merits. This pretrial ruling by the South Dakota Supreme Court, however, does not preclude that Court from hearing the case on appeal and determining the issue after the facts alleged by Petitioner do happen, if in fact they do. A pretrial allegation of facts that are expected to happen possibly does not carry that certainty of occurrence necessary for intervention by the South Dakota Supreme Court at this time.

The ruling by the South Dakota Supreme Court, therefore, is not "an equivalent basis" for "an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in a state court." 421 U.S. at 219, 95 S.Ct. at 1595. As the United States Supreme Court stated in *Johnson v. Mississippi:*

It was not enough to support removal to allege that "federal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or *that the defendant is unable to obtain a fair trial in a particular state court."* 421 U.S. at 222, 95 S.Ct. at 1597. (Emphasis added.)

In the words of the United States Supreme Court in *Peacock*, the federal right does not "substitute a right for a crime." 384 U.S. at 831, 86 S.Ct. at 1814.

Because Petitioner has not properly alleged an adequate basis for removal under 28 U.S.C. § 1443(1), this Court has no jurisdiction to hear the removal petition and therefore the petition is denied.